# AMENDED SUMMONS WITH NOTICE

Index No. 2021-678

STATE OF NEW YORK

<u>SUPREME COURT</u>         <u>COUNTY OF SCHENECTADY</u>

KRISTIE HALLORAN HANSON, ESQ,

                          Plaintiff,

-against-

LEXIS NEXIS, INC., RELX, INC., AND
ROBERT ALONZO. RODRIGUEZ,

                        Defendants,

Plaintiff designates
Schenectady as the
place of trial

The basis of venue is
Plaintiff's residence

Plaintiff Resides at
23 Netherlands Blvd.
Schenectady, NY 12306

---

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to appear in this action by serving an answer on plaintiff within twenty (20) days after the service of this summons exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the state of New York.

Dated: August 4, 2021

Defendants Addresses:    Lexis Nexis                    Robert Alonzo Rodriguez
                                     230 Park Ave, Suite 7        3536 Onyx Cir, Apt 11
                                       New York City, NY 10017      Beavercreek, OH 45431-3758

                                       Relx, Inc
                                       c/o C T Corporation System
                                       28 Liberty Street
                                       New York, NY 10005

**NOTICE:** The nature of this action are in Libel, Slander, Defamation Intentional Infliction of Emotional Distress, Outrageous Conduct, Prima Facie Tort and Negligence about April 15, 2020.

The relief sought is compensatory and punitive damages.

**WARNING:** Upon your failure to appear, judgment may be taken against you by default in an amount of money that will fully, adequately and completely compensate the plaintiff for each and every injury and damage sustained, plus cost of this action.

_____

Kristie Halloran Hanson Esq.
The Hanson Law Firm, P.C.
1801 Altamont Avenue
Schenectady, New York 12303

STATE OF NEW YORK
SUPREME COURT                                          COUNTY OF SCHENECTADY

KRISTIE HALLORAN HANSON,

                                              Plaintiff,              **COMPLAINT**
    -against-                                                          Index #

LEXIS-NEXIS, RELX, INC., AND ROBERT ALONZO RODRIQUEZ,

                                            Defendants.

The plaintiff, Kristie Halloran Hanson, by and through their attorneys, Hanson Law Firm, P.C., complaining of the defendants, Roberto Alonzo Rodriquez, Relx, Inc. and LexusNexis, Inc.:

### AS TO ALL CAUSES OF ACTION

1. The plaintiff, Kristie Halloran Hanson, are residents of New York State and reside at 23 Netherlands Blvd. Schenectady New York 12306.

2. The Defendant, Robert Alonzo Rodriquez upon information and belief is a resident of the State of Ohio.

3. The defendant, LexisNexis, Inc. is a subsidiary of Relx, Inc and is corporation doing business in the State of New York.

4. The Defendant, Relx, Inc. is a foreign business corporation doing business in the State of New York.

5. The Defendant Robert Alonzo Rodriquez was an employee of LexusNexis, Inc. and Relx, Inc on April 15, 2020.

6. The time when damages and injuries were sustained by the plaintiff was on or about April 15, 2020 and continuing.

7. The particular place where said damages and injuries were sustained was on the internet Via Facebook.

8. The said damages and injuries for which the claim was made and upon which this cause of action is based arose in the manner as set forth hereinafter.

1

9. The incident that took place was as a result of the negligence of the defendant, as they Roberto Alonzo Rodriquez, Individually.

10. The incident that took place was as a result of the negligence of the defendant LexisNexis, Inc. and Relx, Inc. as an employee Robert Alonzo Rodriquez of the same.

11. The incident that took place was as a result of the negligence of LexisNexis, Inc. and Relx, Inc., and/or the employees, agents, servants and/or employees of Lexis-Nexis and Relx.

12. The incident that took place was as a result of the intentional conduct of the defendant, Roberto Alonzo Rodriquez, Individually.

13. The incident that took place was as a result of the intentional conduct of the defendant, Robert Alonzo Rodriquez as an employee of the defendant LexisNexis, Inc. and Relx, Inc.

14. The incident that took place was as a result of the intentional conduct of the defendants LexisNexis, Inc. and Relx, Inc, and the employees, agents, servants and/or employees of Lexis Nexis, Inc. and Relx, Inc.

15. The defendant, as employee of LexisNexis, Inc. and Relx, Inc, was guilty of defamation of the plaintiff, Kristie Halloran Hanson.

16. The defendant, Roberto Alonzo Rodriquez individually, was guilty of defamation of the plaintiff, Kristie Halloran Hanson.

17. Among other things, the defendant, stated in writing that:
    a. The Plaintiff, Kristie Halloran Hanson's secretary was extremely rude and unprofessional.
    b. That the Plaintiff, Kristie Halloran Hanson was "unresponsive" and "unprofessional".
    c. That you should not do business with this firm (Hanson Law Firm, P.C.).

18. The statements made were false. In fact, the Defendant Robert Alonzo Rodriquez never spoke to the Plaintiff, Kristie Halloran Hanson.

19. The defendant, Roberto Alonzo Rodriquez, knew that the statements were false or acted in reckless disregard of the truth or falsity of the statements.

20. The defendant, Robert Alonzo Rodriquez, knew or should have known the impeccable credentials and reputation of the plaintiff, Kristie Halloran Hanson.

2

21. The defendant, Roberto Alonzo Rodriquez, made a conscious attack upon the character, professionalism, ethics and competency of the plaintiff, Kristie Halloran Hanson because she was not interested in what the Defendant, Roberto Alonzo Rodriquez was trying to sell.

22. The statements made by Defendant Roberto Alonzo Rodriquez were made on the internet for the world to see Via Facebook.

23. The statements made tended to expose the plaintiff, Kristie Halloran Hanson, to public hatred, contempt, ridicule and disgrace and to induce a negative opinion or her.

24. The statements were made with disregard of the truth.

25. The statements were placed in writing.

26. The defendant, Roberto Alonzo Rodriquez, published the statements about the plaintiff negligently, failing to exercise reasonable care to verify the accuracy of the statements made.

27. The statements were made with malice because the Plaintiff, Kristie Halloran Hanson did not purchase the Defendants services.

28. The statements made were directed at the plaintiff, Kristie Halloran Hanson, and it was reasonable understood that the statements were about the plaintiff, Kristie Halloran Hanson.

29. The statements were made by the defendant Roberto Alonzo Rodriquez, in a grossly irresponsible manner without consideration for the standards of information gathering and dissemination followed by responsible parties.

30. As a result of the statements made by the defendant, Roberto Alonzo Rodriquez, the statements were the proximate cause of and substantial factor in causing injuries and damages sustained by the plaintiff, Kristie Halloran Hanson.

31. The plaintiff, Kristie Halloran Hanson, suffered and sustained actual harm in the form of personal humiliation, embarrassment, mental anguish and damage to her reputation or standing with her clients.

32. The statements caused the plaintiff, Kristie Halloran Hanson, financial losses.

33. The statements made discredited the plaintiff in the conduct of her profession as an Attorney.

3

34. The statements made charged the plaintiff, Kristie Halloran Hanson, with general incompetence, lack of character and disregard for ethics in connection with her profession as Attorney.

35. The statements made were *"defamation per se"*.

36. The statements made were *"slander per se"*.

37. The statements made were *"libel per se"*.

38. The statements made imputed incompetence in the plaintiff's profession as an Attorney.

39. The defendants, LexisNexis, Inc. and Relx, Inc., its agents, servants and or employees failed to stop the agent employee from slandering libeling and defaming the plaintiff.

40. The defendants, Lexis-Nexis, Inc. and Relx, Inc., its agents, servants and or employees failed to retract the comments made and failed to restore the good reputation of the plaintiff.

41. The defendant, LexisNexis, Inc and Relx, Inc, its agents, servants and or employees failed to mitigate the damages caused to the plaintiff by the public comments made by the defendant's employee Robert Alonzo Rodriquez.

42. The plaintiff, Kristie Halloran Hanson, sustained damages and injuries including, but not limited to:
    a. Injury to claimant's reputation.
    b. Humiliation.
    c. Mental anguish and suffering.
    d. Embarrassment in the presence of clients, public officials and members of the public.
    e. Loss of business.
    f. Loss of standing in the community.

43. The plaintiff, Kristie Halloran Hanson, has and will sustain further injury and damages.

44. The plaintiff, Kristie Halloran Hanson demands and is entitled to punitive damages to punish the defendant, individually as he acted with malice.

4

45. The plaintiff, Kristie Halloran Hanson, demands and is entitled to punitive damages to punish the defendant Robert Alonzo Rodriguez, as he, as employee of the defendants LexisNexis, Inc. and Relx, Inc., acted with malice.

46. The defendant, Roberto Alonzo Rodriquez, acted reprehensibly as he was intentionally attempting to discredit the plaintiff, Kristie Halloran Hanson on the internet.

47. Neither the defendant, Roberto Alonzo Rodriquez, nor Defendant, LexisNexis, Inc. and Relx, Inc. offered any retraction of the libelous statements made of and concerning the plaintiff, Kristie Halloran Hanson.

48. None of the statements made were in good faith with the belief that the statements made were true.

49. This cause of action is one against the defendant, Roberto Alonzo Rodriquez, Individually and as an employee of LexisNexis, Inc. and Relx, Inc., and the employees, agents, servants and/or employees of the defendant, Lexis Nexis, Inc. and Relx, Inc., as a result of their negligence and intentional conduct.

50. The events of April 15, 2020 caused financial loss by disruption of the business of the plaintiff, Kristie Halloran Hanson.

51. Due to mental anguish as a result of the actions of the defendants and dealing with the fallout, the plaintiff was not able to focus on her work and had difficulty communicating with clients, consultation with peers and other professionals and consulting and procuring legal advice.

52. The written document placed on the internet via Facebook by the defendant Roberto Alonzo Rodriquez, were further libelous statements of and against the plaintiff, Kristie Halloran Hanson and her staff.

53. The defendant, Roberto Alonzo Rodriquez, with full notice of the inaccurateness of his statements, defamed the plaintiff, Kristie Halloran Hanson on the internet.

54. The actions of the defendant, Roberto Alonzo Rodriquez, were negligent.

55. The actions of LexisNexis, Inc and Relx, Inc, its agents, servants and/or employees were negligent.

56. The actions of the defendants were wanton and in conscious disregard for the truth and in conscious disregard for what consequences that would follow their negligent actions.

## FOR A SECOND CAUSE OF ACTION AS TO
## CAUSES OF ACTION FOR KRISTIE HALLORAN HANSON
## FOR LIBEL

56. Plaintiff restate every statement contained in each and every paragraph herein before alleged.

57. As a result of the libelous statements placed in writing by the defendants, the plaintiff has been caused to suffer personally, been made upset, anxious, depressed, worried, has suffered emotional and personal injury and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

58. As a result of the libelous statements placed in writing by the defendants, the plaintiff has been caused to suffer a financial loss and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

59. Due to the willful and intentional actions of the defendants, the plaintiff demands and is entitled to punitive damages in an amount to be fixed by the court and or by a jury in an amount which is deemed to be fair and reasonable under the circumstances by the court and/or jury.

## AS AND FOR A THIRD CAUSE OF ACTION FOR DAMAGES
## ARISING IN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. The plaintiff restates the statements made in each and every paragraph hereinbefore alleged.

61. As a result of the intentional infliction of emotional distress inflicted upon the plaintiff by the defendants, the plaintiff has been caused to suffer personally, been made upset, anxious, depressed, worried, has suffered emotional and personal injury and has otherwise been

6

damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

62. As a result of the intentional infliction of emotional distress inflicted upon the plaintiff by the defendants, the plaintiff has been caused to suffer a financial loss and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

63. Due to the willful and intentional actions of the defendants, the plaintiff demands and is entitled to punitive damages in an amount to be fixed by the court and or by a jury in an amount which is deemed to be fair and reasonable under the circumstances by the court and/or jury.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR DAMAGES ARISING IN OUTRAGEOUS CONDUCT

64. The plaintiff restates the statements made in each and every paragraph hereinbefore alleged.

65. The defendant, Roberto Alonzo Rodriquez, acted intentionally and for the purpose of causing the plaintiff severe emotional distress and recklessly conducted himself toward the plaintiff in a manner that was so shocking and outrageous that it exceeds all reasonable bounds of decency.

66. The conduct of the defendant, Roberto Alonzo Rodriquez, caused the plaintiff severe emotional distress.

67. The defendant, Roberto Alonzo Rodriquez, acted in utter disregard of the consequences that could follow from his actions.

68. As a result of the outrageous conduct of the defendants, the plaintiff has been caused to suffer personally, been made upset, anxious, depressed, worried, has suffered emotional and personal injury and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

69. As a result of the outrageous conduct of the defendants, the plaintiff has been caused to suffer a financial loss and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

7

70. Due to the willful and intentional actions of the defendants, the plaintiff demands and is entitled to punitive damages in an amount to be fixed by the court and or by a jury in an amount which is deemed to be fair and reasonable under the circumstances by the court and/or jury.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR DAMAGES ARISING IN PRIMA FACIE TORT

71. The plaintiff restates the statements made in each and every paragraph hereinbefore alleged.

72. The defendant, Roberto Alonzo Rodriquez, without justification and solely to harm the plaintiff, intentionally acted in a manner that might otherwise have been lawful and by the actions of the defendant, caused financial losses to the plaintiff.

73. As a result of the conduct of the defendants that rose to the level of a prima facie tort, the plaintiff has been caused to suffer personally, been made upset, anxious, depressed, worried, has suffered emotional and personal injury and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

74. As a result of the conduct of the defendants that rose to the level of a prima facie tort, the plaintiff has been caused to suffer a financial loss and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

75. Due to the willful and intentional actions of the defendants, the plaintiff demands and is entitled to punitive damages in an amount to be fixed by the court and or by a jury in an amount which is deemed to be fair and reasonable under the circumstances by the court and/or jury.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR DAMAGES ARISING IN NEGLIGENCE

76. The plaintiff restates the statements made in each and every paragraph hereinbefore alleged.

77. As a result of the negligence of the defendants, the plaintiff has been caused to suffer personally, been made upset, anxious, depressed, worried, has suffered emotional and personal

8

injury and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

78. As a result of the negligence of the defendants, the plaintiff has been caused to suffer a financial loss and has otherwise been damaged in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts.

79. The negligence was gross, wanton and with conscious disregard.

80. Due to the gross negligence of the defendants, the plaintiff demands and is entitled to punitive damages in an amount to be fixed by the court and or by a jury in an amount which is deemed to be fair and reasonable under the circumstances by the court and/or jury.

9

WHEREFORE, the plaintiff, Kristie Halloran Hanson, respectfully demand judgment against the defendants, Roberto Alonzo Rodriquez, LexisNexis Inc. and Relx Inc, for compensatory damages in a substantial sum, in an amount which exceeds the jurisdictional limit of all lower courts, for punitive damages in an amount to be fixed by judge or jury in an amount that is reasonable and punishes the defendants for their actions, for economic losses and other damages sustained by the plaintiff and for such other and further relief as may be just and proper in these circumstances.

Dated: April 12, 2021

Kristie Halloran Hanson, P.C.
Attorneys for Claimant
1801 Altamont Ave.
Schenectady, New York 12306
Phone: (518) 355-4525
Fax: (518) 355-4506
E-Mail: kristie@hansonlawonline.com

11

# SUMMONS WITH NOTICE

Index No.

STATE OF NEW YORK

<u>SUPREME COURT</u>         <u>COUNTY OF SCHENECTADY</u>

KRISTIE HALLORAN HANSON, ESQ,

                        Plaintiff,

          -against-

LEXIS NEXIS, INC., RELX, INC., AND
ROBERT ALONZO RODRIGUEZ,

                   Defendants,

Plaintiff designates
Schenectady as the
place of trial

The basis of venue is
Plaintiff's residence

Plaintiff Resides at
23 Netherlands Blvd.
Schenectady, NY 12306

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to appear in this action by serving an answer on plaintiff within twenty (20) days after the service of this summons exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the state of New York.

Dated: April 13, 2021

Defendants Addresses:   Lexis Nexis               Lexis Nexis
                                   9443 Springboro Pike   230 Park Ave, Suite 7
                                   Dayton, OH 45342      New York City, NY 10017

                                   Relx, Inc                        Robert Alonzo Rodriguez
                                   c/o C T Corporation System  State of Ohio
                                   28 Liberty Street
                                   New York, NY 10005

**NOTICE:** The nature of this action are in Libel, Slander, Defamation Intentional Infliction of Emotional Distress, Outrageous Conduct, Prima Facie Tort and Negligence about April 15, 2020.

**The relief sought is compensatory and punitive damages.**

**WARNING:** Upon your failure to appear, judgment may be taken against you by default in an amount of money that will fully, adequately and completely compensate the plaintiff for each and every injury and damage sustained, plus cost of this action.

_____
Kristie Halloran Hanson Esq.
The Hanson Law Firm, P.C.
1801 Altamont Avenue
Schenectady, New York 12303